NOTE:  This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2006-1544


THOMAS CREEK LUMBER & LOG CO.,

Appellant,

v.

Mike Johanns, SECRETARY OF AGRICULTURE,

Appellee.


Joseph A. Yazbeck, Jr., Yazbeck Cloran & Hanson, LLC, of Portland, Oregon, argued for appellant.

Kirk T. Manhardt, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, and David M. Cohen, Director.

Appealed from: United States Department of Agriculture Board of Contract Appeals

Administrative Judge Joseph A. Vergilio

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1544

THOMAS CREEK LUMBER & LOG CO.,

Appellant,

v.

Mike Johanns, SECRETARY OF AGRICULTURE,

Appellee.

_____

DECIDED:  March 29, 2007

_____

Before MAYER, Circuit Judge, PLAGER and CLEVENGER, Sr. Circuit Judges.

PER CURIAM.

Thomas Creek Lumber & Log Company ("Thomas Creek") appeals the decision of the Department of Agriculture Board of Contract Appeals ("the board"), which affirmed the denial of Thomas Creek's claim by the Department of Agriculture ("DOA"). Thomas Creek Lumber & Log Co., AGBCA No. 2005-132-1 (Apr. 4, 2006).  We affirm.

We review decisions of the board in accordance with the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601-613.  Under the CDA, we review the board's conclusions of law de novo.  Id. § 609(b).  We may not set aside the board's findings of

fact, however, "unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." Id.

The board made factual findings that Thomas Creek's letter dated February 11, 2004, (a) was not addressed to the contracting officer; (b) was clearly labeled as a "Change Order (draft)"; and (c) contained a note to the engineering representative, which stated in relevant part, "please let me know if these changes are acceptable." The board also found that the government responded to this letter by faxing a revised draft change order to Thomas Creek on April 19, 2004. These sound factual findings provide substantial evidence for the board's conclusion that the February 11 letter was not a claim under the contract, but rather merely part of the negotiations for the price of the change order. Additionally, the board found that Thomas Creek received the government's written notification of road acceptance on August 25, 2004, meaning that the written claim dated December 30, 2004 was submitted well outside the contractually permissible time period.